IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| ADRIAN CERVANTES COVARRUBIAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 1:14-CV-379-LY |
| | § | |
| GREGORY E. DUKES; HOUSTON | § | |
| AVIATION TECHNICAL SERVICES, | § | |
| INC., ALLIANCE AIRPARTS, INC., | § | |
| CARLOS RYERSON; AND | § | |
| RYERSON AND ASSOCIATES, P.C., | § | |
| AND MANAGEMENT BY GT | § | |
| SERVICES, INC., | § | |
| | § | |
| DEFENDANTS | § | |

ORDER
REGARDING PENDING MOTIONS

TO:  THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are the following pending nondispostive motions: Plaintiff's Motion to Strike Defendant, Manangement by GT Services, Inc.'s Answer to Plaintiff's Third Amended Complaint [Clerk's Dkt. No. 72]; and four interrelated motions with responsive briefing concerning the Ryerson Defendants:  Opposed Motion to Extend Scheduling Order Deadlines by Carlos Ryerson [Clerk's Dkt. No. 74], Plaintiff's Response in Opposition thereto [Clerk's Dkt. No. 78], Plaintiffs' Motion to Quash [Clerk's Dkt. No. 77]; Plaintiff's Motion for Entry of Default Against Carlos Ryerson and Ryerson & Associates, P.C., [Clerk's Dkt. No. 79], the Ryerson Defendants' Amended Motion to Extend Deadline to File Dispositive Motions [Clerk's Dkt. No. 80], and Plaintiff's Response in Opposition thereto [Clerk's Dkt. No. 81].

All nondispositive motions in this case have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pending motions, the relevant case law, as well as the entire case file, the undersigned issues the following Opinion and Order.

## I. Background

This case arises out of Plaintiff's allegations that Defendant Gregory E. Dukes ("Dukes") stole the Plaintiff's private airplane in May of 2012 and sold it for parts in August of 2012. Third Am. Compl. ¶ 13 [Clerk's Dkt. No. 43]. Plaintiff allegedly sent the aircraft to Dukes' repair facility, Houston Aviation Technical Services, Inc. ("HATS"), for repairs in 2009. *Id.* at ¶ 12. Also in 2009, Plaintiff hired Defendant Carlos Ryerson and his law firm, Ryerson and Associates, P.C. (collectively, "the Ryerson Defendants"), to set up a trust to allow Plaintiff, a citizen of Mexico, to register the airplane in the United States (the "Trust"). *Id.* at ¶ 11. Plaintiff alleges Ryerson failed to file certain paperwork concerning the Trust with the FAA. *Id.*

Ryerson resigned as trustee in November of 2011. *Id.* at ¶ 21. In May of 2012, Dukes allegedly forged Ryerson's signature to transfer ownership of the plane from the Trust to Dukes. *Id.* at ¶ 18. Plaintiff asserts he "found out about the Theft in July of 2012 when a title search was performed by Insured Aircraft Title Service, Inc." *Id.* at ¶ 17. Dukes allegedly sold the plane to Alliance Air Parts, Inc. ("Alliance") in August of 2012. *Id.* at § ¶18. Dukes allegedly disbursed some of the proceeds of that sale to Plaintiff's pilot, Jose Bautista Lopez ("Bautista"). *Id.* at ¶ 17. Dukes allegedly transferred his own share of the proceeds of aircraft sale to his company, Defendant Management by GT Services, Inc. ("GT Services"). *Id.* at ¶ 17.

2

Plaintiff brought suit in this Court on May 2, 2014, two years after the alleged theft.  *See generally* Orig. Pet. [Clerk's Dkt. No. 1].  Plaintiff originally named as defendants all of the parties listed above, with the exception of GT Services and Bautista.  *Id.*  Plaintiff first named GT Services as a Defendant in the Third Amended Complaint, filed October 23, 2014, which is the operative pleading in this matter.  [Clerk's Dkt. No. 43.]  Baustista is not a Defendant.

## II. Pending Motions

### A.  Pending Motion to Strike

Plaintiff has moved to strike GT Services' Answer to his Third Amended Complaint on the grounds that GT Services is in default under the laws governing Texas corporations and has therefore forfeited its right to sue or defend in Texas courts, pursuant to Texas Tax Code Section 171.251.  Mot. Strike [Clerk's Dkt. No. 72].  GT Services is represented by counsel but has not responded to the Motion to Strike within the time allowed by Local Rule CV-7(e).  Nevertheless, Plaintiff's Motion to Strike fails to establish a right to the relief sought.

A party's capacity to sue or be sued is determined by the law of the state under which the corporation was organized.  FED. R. CIV. P. 17(b)(2).  Under Texas law, "A corporation that has failed to pay its franchise tax does not thereby find itself unable to raise a defense to any suit that may arise."  *Rimco Enters., Inc. v. Tex. Elec. Serv. Co.*, 599 S.W.2d 362, 364 (Tex. Civ. App.—Fort Worth 1980, writ ref'd.n.r.e.).  Instead, Texas case law has traditionally interpreted the forfeiture clause in Texas Tax Code § 171.251 and its predecessor statutes to prevent a defendant from bringing counterclaims or otherwise pursuing affirmative relief, but not from raising meritorious defenses.  *Suntide Sandpit, Inc. v. H & H Sand & Gravel, Inc.*, 13-11-00323-CV, 2012 Tex. App. LEXIS 5870, *13-14 (Tex. App. Corpus Christi July 19, 2012, pet. denied) (citing *Mello v. A.M.F. Inc.*, 7 S.W.3d 329 (Tex. App.—Beaumont 1999, pet. denied); *Midwest*

*Mech. Contractors, Inc. v. Commonwealth Const. Co.*, 801 F.2d 748, 752 (5th Cir. 1986); *Bryan v. Cleveland Sand & Gravel Co.*, 139 S.W.2d 612, 613 (Tex. Civ. App—Beaumont 1940, writ ref'd)). "The plaintiff is still under the duty of establishing his cause of action, and the corporate defendant may offer proof which negatives the plaintiff's case." *Rimco*, 599 S.W.2d at 364 (internal quotations omitted). Even if GT Services has failed to pay its franchise tax and has forfeited its right to sue under Texas law, it retains the right to answer Plaintiff's complaint and assert the defenses available to it. *Suntide*, 2012 Tex. App. LEXIS 5870, *13-14. Plaintiff's Motion to Strike is therefore DENIED.

### B. Pending Motions Relating to Ryerson Defendants

#### 1. Motion for Entry of Default

Plaintiff has moved for entry of default against the Ryerson Defendants, asserting that even though they timely answered his Original Complaint, they have failed to timely answer his multiple amended pleadings or otherwise participate in the prosecution of this case. *See generally* Plaintiff's Motion for Entry of Default Against Carlos Ryerson and Ryerson & Associates, P.C., [Clerk's Dkt. No. 79].

Plaintiff's motion for entry of default was filed February 18, 2015—immediately following a motion and subpoena by the Ryerson Defendants that clearly indicates their intention to assert the defenses available to them in this matter. *See generally* Opposed Motion to Extend Scheduling Order Deadlines by Carlos Ryerson [Clerk's Dkt. No. 74] (filed February 12, 2014). In circumstances where a defendant has filed an answer in the case and "actively litigated" the lawsuit through motion practice and discovery, entry of default based on the failure to answer amended pleadings is not warranted. *Jones v. Diversicare Afton Oaks, L.L.C.,* NO. H-13-592, 2014 U.S. Dist. LEXIS 81829, *1-2 (S.D. Tex. June 17, 2014) (citing *JMC Constr. L.P. v.*

*Modular Space Corp.*, NO. 3:07-CV-01925-B, 2008 U.S. Dist. LEXIS 84415, at *2 (N.D. Tex. Oct. 08, 2008)).  Plaintiff's Motion for Entry of Default is therefore DENIED.

### 2.   Motion For Extension of Time

Plaintiff's former attorney, Carlos Ryerson, has moved the Court for an extension of time to seek additional discovery and to file a dispositive motion on the grounds that there is documentary evidence in the possession of a third party that will establish no attorney client relationship existed between Ryerson and Plaintiff, nor any fiduciary or attorney-client relationship between Ryerson and the Trust, at the time of the alleged theft. *See generally* Opposed Motion to Extend Scheduling Order Deadlines by Carlos Ryerson [Clerk's Dkt. No. 74]. In response, the Plaintiff has moved to quash Ryerson's subpoena to the third party, a successor attorney for Plaintiff, who allegedly has possession of the documents evidencing Ryerson's termination as Trustee and the winding up of the accompanying attorney-client relationship.  *See generally* Plaintiffs' Motion to Quash [Clerk's Dkt. No. 77].

The Ryerson Defendants have now filed an Amended Motion, clarifying that the third party subpoena and the request to extend discovery deadlines are moot, because the necessary documents had been produced by Plaintiff in response to discovery in late January, 2015. Ryerson Defendants' Amended Motion to Extend Deadline to File Dispositive Motions [Clerk's Dkt. No. 80] at 1.  In light of this information, the Opposed Motion to Extend Scheduling Order Deadlines and the Motion Quash are DISMISSED AS MOOT.

The Amended Motion to Extend seeks an extension of the dispositive motion deadline in order for the Reyerson Defendants to prepare a motion for summary judgment based on the documents produced in January of 2015, which allegedly establish there was no attorney client or trustee relationship between Reyerson and Plaintiff or the Trust at the time of the alleged theft.

Am. Motion Ext. [Clerk's Dkt. No. 80] at 1.   Plaintiff asserts the Reyerson Defendants first received the relevant documents in November of 2014, and they were produced for a second time in January of 2015.   Resp. to Am. Motion Ext. [Clerk's Dkt. 81] at 2.   Therefore, Plaintiff contends the extension of the dispositive motion deadline would be prejudicial, because the Defendant had the allegedly key documents at least by the end of the discovery period and in fact, for several months prior to the end of the discovery period. *Id.* at 3.   Plaintiff further alleges a pattern of noncompliance with the Scheduling order, complaining of other alleged failures of Defendant to follow deadlines (though he has never filed a motion to compel or otherwise moved this Court to intervene in those alleged failures). *Id.* at 4.

While the Court certainly does not condone Defendants' failure to meet the dispositive motion deadline (or other deadlines imposed by the Scheduling Order), Plaintiff has not explained how a short extension to the dispositive motion deadline would prejudice his ability to effectively respond to a dispositive motion.   Nor has Plaintiff identified any unfair surprise arising out of an extension to file the proposed dispositive motion—in fact, Plaintiff admits the documents on which the proposed dispositive motion is based were in his own possession and were produced by him in discovery not once, but twice.   Resp. Am. Mot. Ext. [Clerk's Dkt. No. 81] at 2.   Moreover, the Reyerson Defendants' Amended Motion to Extend Deadlines strongly suggests that a meritorious defense would be presented in the proposed motion.

Under these circumstances, the general preference for resolution of a case on its merits, rather than on technicalities, *see, e.g. Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001), dictates that the Amended Motion to Extend be GRANTED. Nevertheless, in recognition of the fact that the Reyerson Defendants have made only a cursory attempt to show cause for their failure to identify this key evidence before the original discovery

deadline and file their motion before the agreed dispositive motion deadline, the undersigned is not inclined to grant a long extension. The Reyerson Defendants may have 14 calendar days from the entry of this Order to complete and file their dispositive motion. Plaintiff's response and any reply briefing will be governed by the time frames set out in Local Rule CV-7.

### III.  Conclusion

In accordance with the foregoing,

IT IS ORDERED that Plaintiff's Motion to Strike Defendant, Manangement by GT Services, Inc.'s Answer to Plaintiff's Third Amended Complaint [Clerk's Dkt. No. 72] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Default Against Carlos Ryerson and Ryerson & Associates, P.C. [Clerk's Dkt. No. 79] is DENIED.

IT IS FURTHER ORDERED that the Reyerson Defendants' Opposed Motion to Extend Scheduling Order Deadlines by Carlos Ryerson [Clerk's Dkt. No. 74] and Plaintiffs' Motion to Quash [Clerk's Dkt. No. 77] are DISMISSED AS MOOT.

IT IS FINALLY ORDERED that the Ryerson Defendants' Amended Motion to Extend Deadline to File Dispositive Motions [Clerk's Dkt. No. 80] is GRANTED. The Reyerson Defendants shall have **fourteen (14) calendar days** from the entry of this Order to prepare and file their proposed dispositive motion. The response and reply briefing, if any, shall be filed pursuant to the deadlines set out in Local Rule CV-7.

Signed this the 25th day of March, 2015.

_____
Mark Lane, United States Magistrate Judge

7