IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| ADRIAN CERVANTES COVARRUBIAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 1:14-CV-379-LY |
| | § | |
| GREGORY E. DUKES; HOUSTON | § | |
| AVIATION TECHNICAL SERVICES, | § | |
| INC., ALLIANCE AIRPARTS, INC., | § | |
| CARLOS RYERSON; AND | § | |
| RYERSON AND ASSOCIATES, P.C., | § | |
| AND MANAGEMENT BY GT | § | |
| SERVICES, INC., | § | |
| | § | |
| DEFENDANTS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are the following pending dispositive motions and responsive pleadings: Plaintiff's Motion for Summary Judgment Against Gregory Dukes [Clerk's Dkt. No. 75], Duke's Response in Opposition thereto [Clerk's Dkt. 82], Plaintiff's Reply to Dukes' Response [Dkt. No. 82]; and Plaintiff's Motion for Default Judgment Against Houston Aviation Technical Servs, Inc. [Clerk's Dkt. No. 76].

All dispositive motions in this case have been referred to the undersigned by United States District Judge, Lee Yeakel, for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  After

reviewing the pending motions, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation

## I. Background

This case arises out of Plaintiff's allegations that Defendant Gregory E. Dukes ("Dukes") stole the Plaintiff's private airplane in May of 2012 and sold it for parts in August of 2012. Third Am. Compl. ¶ 13 [Clerk's Dkt. No. 43].  Plaintiff allegedly sent the aircraft to Dukes' repair facility, Houston Aviation Technical Services, Inc. ("HATS"), for repairs in 2009.  *Id.* at ¶ 12. Also in 2009, Plaintiff hired Defendant Carlos Ryerson and his law firm, Ryerson and Associates, P.C. (collectively, "the Ryerson Defendants"), to set up a trust to allow Plaintiff, a citizen of Mexico, to register the airplane in the United States under the rules applicable to United States Citizens. *Id.* at ¶ 11.

Ryerson resigned as trustee of the aircraft trust in November of 2011.  *Id.* at ¶ 21.  Dukes allegedly forged Ryerson's signature to transfer ownership of the plane from the Trust to Dukes, effective December 15, 2011, and filed the Bill of Sale with the FAA in May of 2012.  *Id.* at ¶ 18.  Plaintiff asserts he "found out about the Theft in July of 2012 when a title search was performed by Insured Aircraft Title Service, Inc."  *Id.* at ¶ 17.

Dukes sold the plane to Alliance Air Parts, Inc. ("Alliance") in August of 2012.  *Id.* at ¶ 18. Dukes disbursed some of the proceeds of that sale to Plaintiff's pilot, Jose Bautista Lopez ("Bautista"), and allegedly transferred his own share of the proceeds of aircraft sale to his company, Defendant Management by GT Services, Inc. ("GT Services").  *Id.* at ¶ 17.

Plaintiff brought suit in this Court on May 2, 2014.  *See generally* Orig. Pet. [Clerk's Dkt. 1].  Plaintiff named as defendants all of the parties listed above, with the exception of GT

Services and Bautista. *Id.*[1] Plaintiff first named GT Services as a Defendant in the Third Amended Complaint, filed October 23, 2014, which is the operative pleading in this matter. [Clerk's Dkt. 43.]  Baustista is not a Defendant.

## II. Pending Motions

### A.  Motion for Summary Judgment

#### 1.  Standard of Review

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 2513 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995).  The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States,* 391 F.3d 621, 625 (5th Cir. 2004).

The Court will view the summary judgment evidence in the light most favorable to the

---

[1] Plaintiff and Alliance have since mutually dismissed their claims and counterclaims against each other. [Clerk's Dkt. 65, 70].

non-movant.  *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial.  *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).  "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

### 2.   Objection to Dukes' Evidence Relating to Affirmative Defenses

Plaintiff includes in his motion for summary judgment a request to strike all evidence relating to Dukes' affirmative defenses, apparently as a discovery sanction for "fail[ing] to file his Disclosures under the scheduling order."  Mot. Summ. J. [Clerk's Dkt. 75] at 9-10.  The Scheduling Order in this case specifically orders the parties to "serve, ***but not file***, the disclosures required by Federal Rule of Procedure 26(a)(2)(B)."  Order of October 1, 2014 [Clerk's Dkt. 37] (emphasis added).  Plaintiff does not allege Dukes failed to serve responses to Rule 26 disclosures, and thus Plaintiff has stated no breach of any discovery duty on Dukes' part.

Plaintiff complains regarding the sufficiency of Dukes' responses to various written discovery requests, Mot. Summ. J. [Clerk's Dkt. 75] at 9-10, but Plaintiff has filed no motion to compel discovery or otherwise objected to the sufficiency of Defendant's discovery responses within the discovery period.  *See* Order of October 1, 2014 [Clerk's Dkt. 37] (setting close of discovery for January 30, 2015 and expressly stating "there will be no intervention by the Court except in extraordinary circumstances" after this deadline).  Plaintiff's first objections to the sufficiency of Dukes' discovery responses appear in the context of this motion for summary judgment, seeking to prevent Dukes from presenting evidence in support of any defenses he may raise. Mot. Summ. J. [Clerk's Dkt. 75] at 9-10.

Federal Rule of Civil Procedure 37 authorizes a court to sanction a party that flagrantly and intentionally disregards the court's orders concerning discovery.  In this case, Plaintiff has not pointed to any such disobedience, and the undersigned declines to impose the severe sanction of striking any competent summary judgment evidence available to the Defendant.

### 3.   Analysis of Summary Judgment Evidence

Plaintiff alleges Greg Dukes stole his aircraft and sold it, splitting the proceeds with Plaintiff's captain, Bautista.  Mot. Summ. J. [Clerk's Dkt. 75] at 10-11.  The evidence adduced by Plaintiff in support of this contention establishes the following:

As of November, 2011, Plaintiff was the sole member of the company, Falcon N297PF, LLC, that had previously held the plane in trust for Plaintiff's benefit through trustee, Carlos Reyerson.  *See Id.* at Ex. 1, Affidavit of Adrian Cervantes Covarrubias ¶ 2 and attached November 9, 2011 Resolutions Adopted by Unanimous Consent in Lieu of Annual Meeting of the Sole Member of Falcon N297PF, LLC (hereafter "Ex. A-1, November 9, 2011 Resolutions").  On or about November 9, 2011, Falcon N297PF, LLC, through Plaintiff as its sole member, "approved, ratified, and adopted" the actions "taken on behalf of the Company by Miguel Velázquez to remove [the aircraft] from the Civil Aviation Registry maintained by the United States Federal Aviation Administration."  *Id.* at Ex. A-1, November 9, 2011 Resolutions. There is no evidence in the record, however, that the aircraft was ever in fact removed from the FAA registry.

On May 8, 2012, the FAA recorded an Aircraft Bill of Sale, dated December 15, 2011, that transferred ownership of the plane, still registered to Falcon N297PF, LLC, to Greg Dukes by authority of "Carlos Ryerson," the "manager" of Falcon N297PF, LLC. *Id.* at Ex. 2, Bill of

Sale.  Plaintiff asserts the Bill of Sale recorded on May 8, 2012 is fraudulent, and has provided the affidavit of Carlos Reyerson in support of this allegation.  Reyerson's affidavit swears the signature on the Bill of Sale is not his, he had no knowledge of the Bill of Sale, and he was not involved in any transactions or actions affecting the aircraft after he "resigned from all positions of authority in the Company and as Trustee for the beneficial owner of the Company in late 2011."  *Id.* at Ex. 3, Affidavit of Carlos Reyerson ¶¶ 1-4.

Reyerson's signature on the Bill of Sale may have been forged, but there is no competent summary judgment evidence that Dukes had knowledge of, or participated in the forgery.  On the contrary, Dukes has provided sworn affidavit testimony that he received the December 15, 2011 Bill of Sale from Plaintiff's captain, Bautista.  Resp. Mot. Summ. J. [Clerk's Dkt. No. 82] at Ex. 1, Affidavit of Gregory Dukes ¶ 10.  Dukes' affidavit further states "virtually every aspect of the operation, maintenance, and decision-making concerning every aspect of owning and operating the subject aircraft was handled by and through Plaintiff's Chief Pilot Capt. Jesus Bautista ('Bautista')."  *Id.* at Ex. 1, Dukes Aff. ¶ 5. [2]

Dukes did not file the Bill of Sale with the FAA until May of 2012.  Resp. Mot. Summ. J. [Clerk's Dkt. 82] at Ex. 1, Dukes Aff. ¶ 12.  Plaintiff acknowledges that he was personally aware of the FAA filing of the Bill of Sale transferring ownership of the aircraft from the Company to Dukes (a United States Citizen) by at least July 20, 2012.  Third Am. Compl. [Clerk's Dkt. 43] at ¶ 15.  There is no evidence Plaintiff took any action—including contacting Dukes—to contest

---

[2] By way of background, it is worth noting that, according to Plaintiff, the Company, Falcon N297PF, LLC, was originally created in 2009 with Reyerson as the Trustee and executive officer "in an effort to effectuate registration of the Aircraft in the United States with the [FAA's] Registry as a United States Citizen."  Third Am. Compl. [Clerk's Dkt. 43] at ¶¶ 11, 1.  Plaintiff acknowledges that the resignation of Reyerson (the only U.S. Citizen involved in the Company) in late 2011 may have "resulted in the illegal registration of the aircraft." *Id.* at ¶ 21.  Whether or not the transfer of title from "Reyerson" and the Company to Dukes in December of 2011 occurred with Plaintiff's knowledge, the fact remains that Dukes is a U.S. Citizen, and putting title in his name may have had the effect of maintaining the legal FAA registration of the aircraft after Reyerson's unexpected resignation. *See id.*

the transfer of ownership from the Company to Dukes between July 20, 2012 and August 23, 2012, when Dukes recorded the title transfer to Alliance Airparts.  *See* Mot. Summ. J. [Clerk's Dkt. 75] at Ex. 5, Bill of Sale to Alliance Airparts.[3]

It is undisputed that Dukes sold the aircraft to Alliance Airparts, Inc. Mot. Summ. J. [Clerk's Dkt. No. 75] at Ex. 6-A, Aircraft Purchase Agreement.  Plaintiff asserts this sale was made by Dukes without Plaintiff's knowledge and "for his own [Dukes'] benefit."  *Id.* at 3. Plaintiff's live pleading, however, acknowledges that he hired Dukes "to ready the Aircraft for sale."  Third Am. Compl. [Clerk's Dkt. 43] at ¶ 12.

Dukes, for his part, provides affidavit testimony and a canceled check showing that he paid $124,000 of the net $179,700 sale price of the plane to Plaintiffs' apparent agent, Captain Bautista, and Dukes' affidavit testimony further states the remainder of the proceeds were used to pay not only himself, but also other vendors and contractor mechanics for work performed to make the plane airworthy. Resp. Mot. Summ. J. [Clerk's Dkt. 82] Ex. 1, Dukes Aff. ¶15 and Ex. 2, August 24, 2014 Check to Jesus Bautista.  Dukes states the work performed to make the plane airworthy was done with the actual assistance of Plaintiff's apparent agent, Captain Bautista, in Mexico, from December, 2011 through May, 2012, and Bautista flew the aircraft to Houston with Dukes on May 20, 2012.  *Id.* at Ex. 1, Dukes Aff. ¶¶ 11-14.

The affidavits and other summary judgment evidence described above support at least two plausible, but conflicting stories.  Plaintiff's version is that Dukes forged the signature of Reyerson in an attempt to steal title to the aircraft and later sell it for parts, likely in conspiracy with Bautista.  Dukes' version of the story is that Plaintiff's apparent agent, Bautista, gave him a

---

[3] Plaintiff does allege he sent pilots to try to repossess the Aircraft in November of 2012 (after the sale to Alliance had been completed), and that Dukes turned them away and told them not to return.  Third Am. Compl. [Clerk's Dkt. 43] at ¶ 14.

Bill of Sale transferring title to the aircraft as of December 15, 2011—an action that likely had the effect of maintaining the legal FAA registration of the aircraft by keeping a U.S. Citizen on the title after Reyerson unexpectedly resigned.  Bautista, still acting as Plaintiff's apparent agent, participated in the repair and sale of the plane for parts, and accepted the lion's share of the proceeds from the sale.  Whether it is alleged Bautista defrauded Plaintiff or acted on his behalf, Dukes' version of the story is that he reasonably believed he was authorized by Plaintiff's agent, Bautista, to take title to the plane, repair it, sell it in his own name but pass the proceeds on to Bautista, and reimburse himself for the repair work from the remaining sale proceeds.

Reading the evidence in the light most favorable to the nonmovant, Dukes, there are material fact issues as to whether Dukes participated in, had knowledge of, or reasonably should have had knowledge of any unauthorized scheme to sell the plane without the true owner's consent.  These material fact issues as to what Dukes knew, did, and reasonably should have known or done prevent summary judgment on Plaintiff's claims of fraud and theft.  Therefore, the undersigned recommends that Plaintiff's Motion for Summary Judgment [Clerk's Dkt. 75] be DENIED.

### B.  Motion for Default Judgment

#### 1.  Standard of Review

Federal Rule of Civil Procedure 55 provides for the entry of default upon a showing, by affidavit or otherwise, that a properly served defendant has failed to plead or otherwise defend the suit.  In this matter, Houston Aviation Technical Services, Inc. ("HATS") was served and attempted to answer through its owner/operator, Gregory Dukes.  As a corporation must be represented by counsel and may not proceed *pro se* or through a non-attorney, *see Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984), this Court granted

Plaintiff's motion to strike the defective answer and warned HATS that it must secure representation by counsel to defend the suit.  Order of Oct. 1, 2014 [Clerk's Dkt. No. 29].  HATS failed to do so, and on December 3, 2014, Plaintiff moved for entry of default against this Defendant.  [Clerk's Dkt. No. 61].  The Clerk filed the entry of default on December 4, 2014 [Clerk's Dkt. No. 64].  No motion to set aside the default has been filed, nor has any attorney appeared on behalf of HATS.

Nevertheless, Fifth Circuit case law is clear: "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis *in the pleadings* for the judgment entered."  *Wooten v. McDonald Transit Assocs.*, 775 F.3d 689, 693 (5th Cir. Tex. 2015) (emphasis added).  While a defaulting party necessarily admits the well pleaded allegations of the complaint, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Id.* (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

### 2.  Analysis

The allegations against HATS in the live pleading are sparse.  Plaintiff specifically names HATS as a defendant in his theft and fraud causes of action, but the factual allegations plead in support of these claims specifically and exclusively relate to the alleged actions of Greg Dukes as an individual.  *Id.* ¶¶ 17-18. Plaintiff's failure to make any factual allegations that could support a fraud or theft claim against HATS necessarily means that Plaintiff has not established a right to default judgment on these claims.  *Wooten*, 775 F.3d at 693; *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Plaintiff's more detailed factual allegations against HATS in Paragraphs 12 and 19 of the

Third Amended Complaint also fail to establish his right to default judgment:

> 12. In or about 2009, Bautista also referred Plaintiff to Houston Aviation Technical Services, Inc. in Houston, Texas, owned by Mr. Greg Dukes. The Aircraft was kept there for maintenance and repair. Dukes took possession of the Aircraft with the permission of Plaintiff in order to perform such maintenance and repair duties as were requested to ready the Aircraft for sale.

> 19. Defendant HATS was to hold the Aircraft for the benefit of the Plaintiff while performing the work for which it was hired to do, instead the Aircraft was stolen while in the possession of HATS. Such actions constitute a breach of contract and breach of fiduciary duties resulting in Damages to Plaintiff in the amount of fair market value of the Aircraft at the time of the theft.

Third Am. Compl. [Clerk's Dkt. No. 43] at ¶¶ 12, 19.

Paragraph 12 of the Third Amended Complaint, regarding the transfer of the plane to HATS in 2009 for maintenance and repair, does not allege any cause of action because Plaintiff admits he gave permission for Dukes to take possession of the plane (at the HATS facility) at this time. *Id.* at ¶ 12.

Paragraph 19 alleges a few conclusory facts that are "inextricably bound up with legal conclusions." *Wooten*, 775 F.3d at 695. For example, in the instant case, the undersigned has concluded that material fact issues exist regarding whether any theft occurred at all. *See supra*, Section II.A.3. Thus, HATS cannot be deemed to have admitted the legal conclusion that the plane was stolen. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.[4] The undersigned further notes HATS' co-defendant, Dukes, has introduced summary judgment evidence that the plane was in Mexico for repairs from December 2011 to May of 2012, Resp. Mot. Summ. J. [Clerk's Dkt. 82] at Ex. 1, Dukes Aff. ¶¶ 11-14, undermining Plaintiff's conclusory allegation that the plane was stolen while in the possession of HATS. Third Am. Compl. [Clerk's Dkt. No. 43] at ¶ 19.

---

[4] Paragraph 19's legal conclusions regarding breach of contract and fiduciary duty are likewise not deemed . *Id.; see also Wooten*, 775 F.3d at 695.

Federal Rule of Civil Procedure 55(b)(2)(C) authorizes an evidentiary hearing on a motion for default judgment when necessary to "establish the truth of any allegation by evidence." Plaintiff's factual allegations, to the extent they implicate conduct of HATS at all, are inextricably bound up with legal conclusions that cannot fairly be made without a fact finder's evaluation of the underlying evidence in this case. *See supra*, Section II.A.3. Under these circumstances, the undersigned RECOMMENDS that Plaintiff's Motion for Default Judgment Against Houston Aviation Technical Services, Inc. be DENIED without prejudice to re-urging as a Motion for Judgment as a Matter of Law at an appropriate time. Fed. R. Civ. P. 50(a).

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and

Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED on April 2, 2015.

_____
Mark Lane,
United States Magistrate Judge